# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GARY L. SMITH, )
           Plaintiff, )
           v. )
MEMBERS OF THE UNITED STATES )
HOUSE OF REPRESENTATIVES, *et al.*, )
           Defendants. )

Case: 1:15-cv-01831 Jury Demand
Assigned To : Unassigned
Assign. Date : 10/28/2015
Description: Pro Se Gen. Civil F Deck

**MEMORANDUM OPINION**

The plaintiff, who identifies himself as "a member of 'We the People of the United States[,]'" brings this action against all the members of the United States House of Representatives and the United States Senate. Compl. at 2. He claims that the defendants "have a present duty to call a Convention for proposing Amendments to the United States Constitution since over two-thirds of the several States have made the requisite applications for such." *Id.* at 3; *see id.* at 11-18. Thus, the plaintiff claims, the defendants "are in violation of the United States Constitution, Article V[.]" *Id.* at 1; *see id.* at 19-21. The plaintiff demands a declaratory judgment in his favor and fees and costs for this action. *Id.* at 22-23.

"Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2), *cert. denied*, 556 U.S. 1167 (2009). A party has standing for purposes of Article III if his claims "spring from an 'injury in fact' – an invasion of a legally protected interest that is 'concrete and particularized,' 'actual or imminent' and 'fairly traceable' to the

challenged act of the defendant, and likely to be redressed by a favorable decision in the federal court." *Navegar, Inc. v. United States*, 103 F.3d 994, 998 (D.C. Cir. 1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Here, the plaintiff does not show that he has suffered an injury or that the defendants' action (or inaction) otherwise affects him personally. Rather, the plaintiff presents "a generalized grievance shared in substantially equal measure by all or a large class of citizens [and this alleged] harm alone normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (internal quotation marks and citations omitted). In other words, because this plaintiff is "raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – [he] does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573-74.

The plaintiff lacks standing, and the Court will dismiss the complaint for lack of subject matter jurisdiction. An Order accompanies this Memorandum Opinion.

DATE: 10/26/15

United States District Judge

