# EXHIBIT 3



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BILL WALKER,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

CASE NO. C00-2125C

ORDER

Presently before the Court is Plaintiff's Motion Seeking Declaratory and Injunctive Relief in Finding Unconstitutional the Failure of Congress to Call a Convention to Propose Amendments Upon Receipt of Proper Number of Applications by the Several States Prescribed in Article V of the United States Constitution. Defendant has made a Cross-Motion to Dismiss. Having reviewed each motion and responses on file, the Court denies Plaintiff's motion and grants Defendant's cross-motion for the following reasons.

Plaintiff initially filed a 781 page motion along with a motion for overlength brief. The Court denied the motion for overlength brief, and Plaintiff filed a shorter motion in accordance with the local rules of the Court. In accordance with the rules, once the decision was made to deny the overlength brief, the 781 page motion was no longer before the Court to consider. Only the shorter replacement brief could properly be considered by the Court.

ORDER – 1

Plaintiff's motion for declaratory and injunctive relief is essentially a request for the Court to order Congress to call a convention to propose amendments to the constitution in accordance with Article V of the United States Constitution. Plaintiff, who is appearing pro se, states:

> Article V provides a single numeric standard of two-thirds of the applying state legislatures, which then obligates Congress to call a convention. The obligation is non-discretionary. . . . The Congressional Record demonstrates all 50 states have submitted applications for a convention. There is no time limit set in Article V that the states must satisfy in their applications, nor does Article V permit recession of any application. Article V does not demand the applications deal with the same issue, nor does it establish any other requirement upon the legislatures other than a numeric count. As 50 states have submitted applications for a convention to propose amendments and as this exceeds the two-thirds requirement of Article V, the two-thirds requirement is thus satisfied. It was the clear intent of the Founding Fathers that Congress have no discretion in the matter of calling a convention.

Plaintiff's Replacement Brief in Support of Motion Seeking Declaratory and Injunctive Relief at 2 (citations omitted).

Defendant properly filed its cross-motion to dismiss before filing any answer to Plaintiff's complaint, because it is for the Court to determine whether the Court has jurisdiction over the subject matter of the complaint before Defendant responds to the allegations in a complaint. It is unambiguously clear that the Court does not have subject matter jurisdiction in this case due to the fact that Plaintiff does not have standing to bring this suit and his complaint raises political questions that are more properly the province of Congress. Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992); Baker v. Carr, 369 U.S. 186 (1962); Coleman v. Miller, 307 U.S. 433 (1939).

Therefore, Plaintiff's Motion Seeking Declaratory and Injunctive Relief in Finding Unconstitutional the Failure of Congress to Call a Convention to Propose Amendments Upon Receipt of

ORDER – 2

1 Proper Number of Applications by the Several States Prescribed in Article V of the United States
2 Constitution is hereby DENIED, and Defendant's Cross-Motion to Dismiss is hereby GRANTED.
3 Plaintiff's Motion For Default Judgment is also DENIED.

4 The complaint is dismissed with prejudice since the Court finds that it would be futile to allow
5 Plaintiff an opportunity to amend his complaint. The Clerk of the Court is directed to enter judgment
6 accordingly.

7 DATED, March _19th_ 2001.

```
                                        _____
                                        John C. Coughenour
                                        Chief United States District Judge
```

ORDER – 3