# EXHIBIT 4

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 16-CV-0041

MONTGOMERY BLAIR SIBLEY, APPELLANT,

v.

THE HONORABLE MITCH MCCONNELL & THE HONORABLE PAUL D. RYAN, APPELLEES.

FILED DEC 15 2016 DISTRICT OF COLUMBIA COURT OF APPEALS

Appeal from the Superior Court
of the District of Columbia
(CAB-2242-15)

(Hon. Maurice A. Ross, Trial Judge)

(Submitted October 5, 2016)                                     (Decided December 15, 2016)

Before GLICKMAN, EASTERLY, and MCLEESE, *Associate Judges*.

### MEMORANDUM OPINION AND JUDGMENT

PER CURIAM: Appellant Montgomery Blair Sibley brought suit to compel Congress, through appellees Senator Mitch McConnell and Representative Paul D. Ryan, to call a convention to propose amendments to the United States Constitution. The trial court dismissed the complaint on several grounds, including that Mr. Sibley lacked standing under Article III of the United States Constitution. We affirm.

I.

Mr. Sibley filed suit in the Superior Court seeking a declaratory judgment that the legislatures of two-thirds of the states had applied to Congress for a convention to propose constitutional amendments. Mr. Sibley sought a writ of mandamus directing Congress to call for such a convention in accordance with Article V of the United States Constitution. Senator McConnell and Representative Ryan removed the suit to federal court, but the district court granted

Mr. Sibley's motion to remand the case to the Superior Court, holding that, as Mr. Sibley himself had argued, Mr. Sibley did not have standing to pursue his claims in an Article III court. *Sibley v. McConnell*, 139 F. Supp. 3d 194, 198-99 (D.D.C. 2015). Representative Ryan appealed the remand order to the United States Court of Appeals for the District of Columbia Circuit. That appeal is still pending.

In the Superior Court, Senator McConnell filed a motion to dismiss pursuant to Super. Ct. Civ. R. 12 (b)(6). Mr. Sibley requested oral argument on the motion, but the trial court dismissed the entire action without hearing argument. The trial court adopted Senator McConnell's arguments, including the argument that Mr. Sibley lacked Article III standing.

On appeal, Mr. Sibley filed a motion claiming a constitutional right to present oral argument before this court. We denied the motion.

## II.

Mr. Sibley argues both that the trial court violated his due-process rights by denying him oral argument and that the trial court erred substantively by granting the motion to dismiss. We review those rulings de novo. *Harris v. Northbrook Condo. II*, 44 A.3d 293, 298 (D.C. 2012); *Chamberlain v. American Honda Fin. Corp.*, 931 A.2d 1018, 1022 (D.C. 2007).

## A.

"[T]he right of oral argument as a matter of procedural due process varies from case to case in accordance with differing circumstances . . . ." *FCC v. WJR, the Goodwill Station, Inc.*, 337 U.S. 265, 276 (1949). The Supreme Court in *WJR* left open the possibility that oral argument might in some circumstances be constitutionally required. *Id.* Mr. Sibley, however, has not pointed us to, nor have we found, any court that has held oral argument to be constitutionally required either on a R. 12 (b)(6) motion to dismiss or on appeal. Indeed, "the circuit courts that have addressed the question of whether an oral hearing is required on motions to dismiss in civil cases have uniformly held that no oral hearing is required by the Due Process Clause." *Greene v. WCI Holdings Corp.*, 136 F.3d 313, 316 (2d Cir. 1998) (per curiam). Similarly, the Federal Rules of Appellate Procedure -- which are promulgated by the Supreme Court -- do not require oral argument where "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." Fed. R. App. P. 34 (a)(2); *see also* D.C. App. Internal Operating Procs., Part VI. C. ("A

case will be placed on the summary calendar if it appears that the decisional process will not be significantly aided by oral argument."); *WJR*, 337 U.S. at 276 ("Certainly the Constitution does not require oral argument in all cases where only insubstantial or frivolous questions of law, or even substantial ones, are raised.").

Mr. Sibley's arguments were adequately briefed, and we see nothing in the particular circumstances of this case that would indicate that due process required oral argument either on the motion to dismiss or on appeal.

**B.**

Mr. Sibley also challenges the trial court's dismissal of his case for lack of Article III standing. Mr. Sibley does not dispute that he lacks Article III standing. Rather, he argues that Article III standing requirements should not be applied in the Superior Court and this court, which were established under the authority of Article I of the United States Constitution. Although we are an Article I court, "we generally have adopted the constitutional requirement of a case or controversy and the prudential prerequisites of standing applicable to the federal courts under Article III." *D.C. Appleseed Ctr. for Law & Justice, Inc. v. District of Columbia Dep't of Ins., Sec., & Banking*, 54 A.3d 1188, 1199-200 (D.C. 2012) (internal quotation marks omitted). Mr. Sibley challenges the underpinnings of that approach and asks us to depart from it. Even if we were otherwise so inclined, as a division of the court we could not depart from what is binding precedent. *M.A.P. v. Ryan*, 285 A.2d 310, 312 (D.C. 1971) ("[N]o division of this court will overrule a prior decision of this court[.]") (footnote omitted).

**C.**

Finally, Mr. Sibley points out that the trial court dismissed the entire action, even though only Senator McConnell filed a motion to dismiss and the trial court had previously stayed the action as against Representative Ryan. Although such a procedure could be problematic in some circumstances, Mr. Sibley "recogniz[es] there is a mutuality of legal positions between [Senator] McConnell and [Representative] Ryan in this matter." Because the trial court's grounds for dismissal are identical as to both Senator McConnell and Representative Ryan, Mr. Sibley cannot show any prejudice arising from the trial court's dismissal of the entire action. Accordingly, the judgment is hereby

*Affirmed.*

4

ENTERED BY DIRECTION OF THE COURT:

*[signature: Julio A. Castillo]*

JULIO A. CASTILLO
Clerk of the Court

Copies to:

Honorable Maurice A. Ross

Director, Civil Division

Montgomery Blair Sibley
402 King Farm Boulevard – Suite 125-145
Rockville, MD 20850

R. Craig Lawrence, Esq.
501 3rd Street, NW
Washington, DC 20001

Sarah Clouse, Esq.
Office of General Counsel
US House of Representatives
219 Cannon House Office Building
Washington, DC 20515

Elizabeth Trosman, Esq.
Assistant United States Attorney