# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BRIAN MATTHEW MCCALL, KYLE BIEDERMANN,<br>*Plaintiffs* | § § § § § | |
| -vs- | § § | SA-22-CV-00093-XR |
| NANCY PELOSI, SPEAKER OF THE UNITED STATES HOUSE OF REPRESENTATIVES; KAMALA HARRIS, PRESIDENT OF THE UNITED STATES SENATE; PRES PRO TEMP PATRICK J. LEAHY, PRESIDENT PRO TEMPORE OF THE UNITED STATES SENATE; AND US SENATOR CHARLES SCHUMER, UNITED STATES SENATE MAJORITY LEADER;<br>*Defendants* | § § § § § § § § § § § § § § | |

**ORDER**

On this date, the Court considered Plaintiffs' motion for default judgment against the State of Texas (ECF No. 27) and the response filed by Defendants Kamala Harris, Patrick J. Leahy, Nancy Pelosi, and Charles Schumer (ECF No. 32). For the following reasons, the motion is **DENIED**.

On February 3, 2022, Plaintiffs filed their complaint, alleging that Congress had failed to act on an obligation to call a constitutional convention and purporting to join the State of Texas as a necessary party. ECF No. 1. On May 11, 2022, the Court ordered Plaintiffs to show cause as to why the case should not be dismissed under Rule 4(m) based on Plaintiffs' failure to show that they had served Defendants. ECF No. 10. Plaintiffs subsequently filed on the docket a number of affidavits of service, including one indicating that the Texas Secretary of State had been served with process on April 29, 2022. ECF No. 12. Plaintiffs now move for default judgment against the State of Texas. ECF No. 28.

Pursuant to Rule 55(a), a default judgment is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). After a default has been entered and the defendant fails to appear or move to set aside the default, the court may, on the plaintiff's motion, enter a default judgment. FED. R. CIV. P. 55(b)(2). However, in considering any motion for default judgment, a court must examine jurisdiction, liability, and damages. *Rabin v. McClain*, 881 F. Supp. 2d 758, 763 (W.D. Tex. 2012).

As a preliminary matter, Plaintiffs' motion for default judgment is procedurally premature because no default has been entered against the State of Texas. FED. R. CIV. P. 55(a). More importantly, however, default judgment is otherwise inappropriate because Texas is not "a party against whom a judgment for affirmative relief has been sought." *Id.*; *see also N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) ("A default occurs when a *defendant* has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." (emphasis added)). The original complaint does not allege any claims for relief against Texas. It asserts only that:

> Plaintiffs find it necessary to join the State of Texas as a necessary party to this Complaint. The State of Texas full legislature passed the Convention of States legislation and was signed by the Governor of the State on May 17, 2017.

ECF No. 1 at 3. Accordingly, it is unclear to the Court what practical effect a default judgment "against" Texas would achieve in this case.

This part of the relief sought by Plaintiffs in their motion for default—the joinder of Texas as a party to the case—would be sought through a motion for joinder under Federal Rule of Civil Procedure 19. Rule 19(a) requires joinder of a party subject to service of process whose joinder will not deprive the court of subject matter jurisdiction if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may; (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1). But Plaintiffs have not moved to join Texas under Rule 19, nor do they explain the basis for the State's joinder in anything but conclusory terms. In their motion for default judgment, they assert that Texas is a necessary party under Rule 19(a)(1)(B) "because the Plaintiffs' claim is the same as that of the State of Texas and the claim relates to the subject of the action and is so situated that disposing of the action in the State of Texas' absence will impede or impair the State's ability to protect its interest." ECF No. 27 at 1–2. Plaintiffs do not substantively engage with the requirements of Rule 19, much less explain why, "in [Texas's] absence, the court cannot accord complete relief among existing parties." FED. R. CIV. P. 19(a)(1)(A). Indeed, Defendants correctly observe that "it is unclear why *Texas's* presence or absence as a party would affect the availability of [the] relief" requested in this case—a declaratory judgment requiring *Congress* to call a constitutional convention. ECF No. 32 at 3 (citing ECF No. 30 (Plaintiffs' First Amended Complaint)). Indeed, as Defendants further note, Plaintiffs allege that at least 35 states other than Texas have enacted requests for a constitutional convention, "yet those states are apparently not 'necessary' to the relief Plaintiffs seek—there is no reason Texas would be unique." *Id.*

Even assuming that Texas is a necessary party to this case, joinder is likely not feasible because the State enjoys sovereign immunity under the Eleventh Amendment. *See Detroit Int'l Bridge Co. v. Gov't of Canada*, 192 F. Supp. 3d 54, 68 (D.D.C. 2016) ("Joinder of the State of Michigan in this litigation is not feasible because the State enjoys sovereign immunity from suit under the Eleventh Amendment of the U.S. Constitution."). Texas's sovereign interests are

especially compelling here, where Plaintiffs apparently seek to join Texas as an involuntary plaintiff. *Gensetix, Inc. v. Bd. of Regents of Univ. of Tex. Sys.*, 966 F.3d 1316, 1323 (Fed. Cir. 2020) ("In Gensetix's view, here, joining UT as an involuntary plaintiff does not undermine the state's autonomy. But forcing UT to litigate against its will does exactly that."). Indeed, joinder of involuntary plaintiffs is rare:

> [W]hile the precise boundaries of the [involuntary plaintiff] qualification have never been adequately explored by the courts, the device is a limited one. The Rule clearly does not mean that whenever an absent party is properly alignable as a plaintiff in a lawsuit, he should be brought in under Rule 19(a) as an 'involuntary plaintiff.' . . . The 'proper case' is meant to cover only those instances where the absent party has either a duty to allow the plaintiff to use his name in the action or some sort of an obligation to join plaintiff in the action.

*Eikel v. States Marine Lines, Inc.*, 473 F.2d 959, 961–62 (5th Cir. 1973). Plaintiffs' mere belief that their interests are aligned with the State's interests is an insufficient basis for hauling Texas into a court to participate in a case against its will. *Cf. ConnTech Dev. Co. v. Univ. of Conn. Educ. Props., Inc.*, 102 F.3d 677 (2d Cir. 1996) (concluding that the defendant's self-serving attempts to assert interests on behalf of the State of Connecticut could not support a necessary party argument where the State had explicitly disclaimed any interest in the proceeding or in the contracts at issue in the litigation).

Despite the many reasons to doubt that joinder of the State of Texas is even feasible in this case, the Court need not reach the joinder issue at this time, in light of the pending motion to dismiss. *See* ECF No. 31. The Court will address Defendant's challenges to subject matter jurisdiction, including Plaintiffs' standing to compel Congress to call a constitutional convention, before addressing whether any other parties must be joined. *See Am. Home Mortg. Servicing, Inc. v. Donovan*, No. 3:10-CV-1936-M, 2011 WL 2923978, at *4 (N.D. Tex. July 20, 2011) (because the court dismissed based on a lack of standing and jurisdiction, it did not decide the

joinder issue); *Cox v. City of Dallas*, 256 F.3d 281, 303 (5th Cir. 2001) ("Standing is a jurisdictional doctrine that the Supreme Court has held must be decided before the merits of a case.").

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for default judgment against the State of Texas (ECF No. 27) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 30th day of September, 2022.

                                           XAVIER RODRIGUEZ
                                           UNITED STATES DISTRICT JUDGE