## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BRIAN MATTHEW MCCALL, KYLE BIEDERMANN, | § § § | |
| *Plaintiffs*, | § § | Civil Action No. SA-22-CV-00093-XR |
| v. | § § | |
| NANCY PELOSI, SPEAKER OF THE UNITED STATES HOUSE OF REPRESENTATIVES; KAMALA HARRIS, PRESIDENT OF THE UNITED STATES SENATE; PRES PRO TEMP PATRICK J. LEAHY, PRESIDENT PRO TEMPORE OF THE UNITED STATES SENATE; US SENATOR CHARLES SCHUMER, UNITED STATES SENATE MAJORITY LEADER; AND THE STATES OF TEXAS, | § § § § § § § § § § § | |
| *Defendants*. | § § | |

## ORDER

On this date, the Court considered Defendants' motion to dismiss (ECF No. 31), Plaintiffs' response (ECF No. 34), and Defendants' reply (ECF No. 37). After careful consideration, the Court issues the following order.

## BACKGROUND

Plaintiffs Brian McCall and Kyle Biedermann ("Plaintiffs") seek "to compel the Congress of the United States . . . to perform its ministerial duty under Article V of the United States Constitution, to call a Convention of the States." ECF No. 30 at 1. Plaintiffs name Defendants Nancy Pelosi, Kamala Harris, Patrick Leahy, and Charles Schumer ("Defendants") in their capacities as Speaker of the United States House of Representatives, President of the United States Senate, President pro tempore of the United States Senate, and United States Senate Majority

Leader, respectively. *Id.* Plaintiffs allege that the requisite number of states have called for a constitutional convention under Article V of the United States Constitution, which provides:

> The Congress, whenever two thirds of both houses shall deem it necessary, shall propose amendments to this Constitution, or, on the application of the legislatures of two thirds of the several states, shall call a convention for proposing amendments, which, in either case, shall be valid to all intents and purposes, as part of this Constitution, when ratified by the legislatures of three fourths of the several states, or by conventions in three fourths thereof, as the one or the other mode of ratification may be proposed by the Congress; provided that no amendment which may be made prior to the year one thousand eight hundred and eight shall in any manner affect the first and fourth clauses in the ninth section of the first article; and that no state, without its consent, shall be deprived of its equal suffrage in the Senate.

U.S. Const. art. V. Plaintiffs emphasize various "sun-set provision[s]" among the states' applications and thus the need for timely action by Congress. ECF No. 30 at 3.

Plaintiffs sue in their individual capacities as taxpayers, and Biedermann also sues as a "duly elected State Representative to the Texas Legislature" who "voted for Texas Convention of States resolution which passed both houses of the state legislature on May 17, 2017." *Id.* Plaintiffs emphasize the nature of the desired action as "ministerial" rather than discretionary. *Id.* at 6.

On February 3, 2022, Plaintiffs filed their original complaint, alleging that Congress had failed to act on an obligation to call a constitutional convention and purporting to join the State of Texas as a necessary party. ECF No. 1. On May 11, 2022, the Court ordered Plaintiffs to show cause as to why the case should not be dismissed under Rule 4(m) based on Plaintiffs' failure to show that they had served Defendants. ECF No. 10. Plaintiffs subsequently filed on the docket a number of affidavits of service, including one indicating that the Texas Secretary of State had been served with process on April 29, 2022. ECF No. 12.

On September 5, 2022, Plaintiffs filed their first amended complaint and moved for default judgment against the State of Texas under Rule 55 of the Federal Rules of Civil Procedure. ECF Nos. 28, 30. On September 19, Defendants filed a motion to dismiss the amended complaint, arguing, *inter alia*, that Plaintiffs lacked standing to bring suit. ECF No. 31.

On September 30, the Court denied Plaintiffs' motion for default judgment because the original complaint did not assert any claims for affirmative relief against the State of Texas. *McCall v. Pelosi*, No. SA-22-CV-00093-XR, 2022 WL 4923310, at *1 (W.D. Tex. Sept. 30, 2022) (citing *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) ("A default occurs when a *defendant* has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." (emphasis added)). The Court further observed that Plaintiffs had failed to explain the basis for joining Texas as an involuntary plaintiff and that any such joinder would likely be infeasible because the State enjoyed sovereign immunity under the Eleventh Amendment. *Id.* at *2. Still, the Court did not reach the joinder issue in light of the pending motion to dismiss challenging the Court's subject matter jurisdiction. Id. (citing *Am. Home Mortg. Servicing, Inc. v. Donovan*, No. 3:10-CV-1936-M, 2011 WL 2923978, at *4 (N.D. Tex. July 20, 2011) (because the court dismissed based on a lack of standing and jurisdiction, it did not decide the joinder issue) and *Cox v. City of Dallas*, 256 F.3d 281, 303 (5th Cir. 2001) ("Standing is a jurisdictional doctrine that the Supreme Court has held must be decided before the merits of a case.")).Defendants' motion to dismiss the amended complaint is now before the Court. In support of dismissal, Defendants argue: (1) Plaintiffs lack standing to bring suit; (2) the Speech and Debate Clause bars this suit; (3) separation-of-powers principles bar this Court from taking the desired actions; (4) sovereign immunity bars this suit; (5) the case represents a nonjusticiable political question; and (6) Plaintiffs fail to state a claim upon which relief can be granted under Rule 12(b)(6). *Id.* at 6.

On October 3, 2022, Plaintiffs responded to the motion to dismiss (ECF No. 34), and Defendants timely filed a reply on October 18, 2022. ECF No. 37.[1]

**DISCUSSION**

I.    **Legal Standards**

A.    **Rule 12(b)(1) – Subject Matter Jurisdiction and Standing**

Defendant moves the Court to dismiss this case for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure Rule 12(b)(1). Dismissal is proper under Rule 12(b)(1) "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A federal court must consider a motion to dismiss for lack of subject matter jurisdiction "before other challenges 'since the court must find jurisdiction before determining the validity of the claim.'" *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (quoting *Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 450 (6th Cir. 1988)).

The party seeking to invoke the power of the court "bears the burden of establishing jurisdiction, but is required to present only *prima facie* evidence." *Pervasive Software, Inc. v. Lexware GmbH & Co.*, 688 F.3d 214, 219 (5th Cir. 2012) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006)). In deciding a motion to dismiss pursuant to Rule 12(b)(1), the Court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts, plus the Court's resolution of disputed facts. *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009). When a motion to dismiss is based on the lack of jurisdiction on the face of the

---

[1] On November 1, 2022, Plaintiffs filed a response to Defendants' reply. ECF No. 38. Plaintiffs did not seek leave with the Court to file supplemental material in support of their opposition to Defendants' motion to dismiss. Notwithstanding Plaintiffs' failure to seek leave with the Court to file their response to Defendants' reply, the Court will consider the substantive material in Plaintiffs' untimely filing to make its decision.

complaint, the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised—the court will consider the allegations in the plaintiff's complaint as true. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).

**B.      Rule 12(b)(6) – Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (internal quotation marks and citations omitted).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to

the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions").

## II.     Analysis

### A.     Standing

To satisfy Article III's standing requirements, a plaintiff must show: "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

In their first amended complaint, Plaintiffs allege that they:

> have been harmed by the non-action of the defendant, the Congress in failing to call an Article V of the U.S. Constitution, Convention of States because of the issues to be brought before the Convention of States are economic in nature affecting not just the State of Texas but the entire nation i.e. The Budget issues and its balance; Spending without a Budget, and other issues who's none address [sic] are endangering our Nation, its member States and all of its citizens.

ECF No. 30 at 4. Plaintiffs allege that "[t]hese injuries are concrete, not conjectural or hypothetical." *Id*. (citing *United States v. Windsor*, 570 U.S. 744, 756 (2013). Defendants disagree,

noting that "a plaintiff [can]not establish an Article III injury where she [can]not show 'how the alleged violation affects her in a concrete way.'" *See* ECF No. 31 at 4 (citing *Laufer v. Mann Hosp., LLC*, 996 F.3d 269, 272 (5th Cir. 2021)). Defendants contend that there exists a "long chain of speculative events" that would have to occur for there to be concrete injury to Plaintiffs—a chain "beginning with any resulting constitutional convention proposing any amendments which would address Plaintiffs' injury, rather than leaving it the same or worse, and ending with the states actually ratifying those amendments." *See* ECF No. 31 at 5.

Plaintiffs claim that the economic effects of spending without a budget and other unspecified actions of Congress endanger the State of Texas, the nation, its members states, and its citizens. ECF No. 30 at 4. The State of Texas is not a party to this lawsuit, nor are any other member states. Here, Plaintiffs, as citizens, disagree with congressional action, or rather, congressional inaction. *See* ECF No. 30 at 4. But it is well established that "a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573–74 *See also Schlesinger v. Reservists Comm. to Stop the War,* 418 U.S. 208, 226–27 (1974) ("In some fashion, every provision of the Constitution was meant to serve the interests of all. Such a generalized interest, however, is too abstract to constitute a 'case or controversy' appropriate for judicial resolution. The proposition that all constitutional provisions are enforceable by any citizen simply because citizens are the ultimate beneficiaries of those provisions has no boundaries.") (footnote omitted); *Ex parte Levitt,* 302 U.S. 633 (1937) (*per curiam*) ("It is an established principle that to entitle a private individual to invoke the judicial power to determine the validity of executive or legislative action he must show that he has

sustained, or is immediately in danger of sustaining, a direct injury as the result of that action and it is not sufficient that he has merely a general interest common to all members of the public.").

Plaintiffs argue that their injury is concrete and more than a general grievance because "Representative Biedermann's legislative votes are being ignored." ECF No. 34 at 5. Biedermann, however, lacks standing as an individual and as a legislator. "[I]ndividual members lack standing to assert the institutional interests of a legislature." *Va. House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1953–54 (2019) (citing *Raines v. Byrd*, 521 U.S. 811, 829 (1997)). Plaintiffs contend that *Bethune-Hill* and *Raines* are not applicable to the current case because *Bethune-Hill* was about an intervenor's standing to appeal, and *Raines* was about "a Congressman's standing to challenge a law passed by the legislature. ECF No. 38 at 2. Neither of these factual distinctions, however, warrants a different conclusion in this case.

Nor does *Arizona State Legislature v. Arizona Independent Redistricting Commission* aid Biedermann. 576 U.S. 787 (2015). There, the Supreme Court found that the Arizona state legislature as a whole had standing to bring the suit and challenge the constitutionality of a ballot initiative that gave redistricting authority exclusively to an independent commission, thereby allegedly usurping the legislature's authority under the Federal Constitution over congressional redistricting. *Id.* at 793.   Unlike Biedermann, the Arizona Legislature brought suit as an *institutional* plaintiff asserting an *institutional* injury, and it commenced the action against the redistricting commission only after authorizing votes in both of its chambers. *Id.* at 802. Here, there is no reason to believe that the Texas Legislature as a whole has authorized this litigation and it is certainly not an institutional party to this suit, despite Plaintiffs' efforts to join the State of Texas as an involuntary plaintiff.

In short, Plaintiffs have failed to satisfy the injury-in-fact element of Article III standing, and, accordingly, the Court lacks subject matter jurisdiction over their claims. As discussed below, even assuming that Biedermann has standing in some representative capacity to assert claims on behalf of the Texas Legislature—and he does not—those claims would be barred by the Speech & Debate Clause and the political question doctrine.

### B.  Speech & Debate Clause

The Speech and Debate Clause of the United States Constitution offers protection for Members of Congress from lawsuits based on their performance of legislative duties. *See* U.S. Const. art. I, § 6, cl. 1 ("[F]or any Speech or Debate in either House, [Senators and Representatives] shall not be questioned in any other Place."). Defendants reason that the decision about whether to call a constitutional convention is strictly legislative in nature. *See* ECF No. 37 at 7 (describing the act as "quintessentially legislative"). The Court agrees. *See Gravel v. United States*, 408 U.S. 606, 625 (1972) (reaching matters related to either the "consideration and passage or rejection of proposed legislation" or "other matters which the Constitution places within the jurisdiction of either House"). Plaintiffs seek to compel Congress to "perform its ministerial duty under Article V of the United States Constitution, to call a Convention of States." ECF No. 30 at 1. Despite Plaintiffs' efforts to characterize this action as ministerial as opposed to discretionary, the Clause protects all acts "within the legislative sphere." ECF No. 31 at 10 (quoting *MINPECO, S.A. v. Conticommodity Servs., Inc.*, 844 F.2d 856, 858 (D.C. Cir. 1988)).

Defendants also argue that declaratory relief is unavailable in this case. ECF No. 31 at 10. The Court agrees that the operative effect of the Speech and Debate Clause in this action creates a bar for the relief sought by Plaintiffs. *See Pauling v. Eastland*, 288 F.2d 126, 130 (D.C. Cir. 1960); *see also Williams v. Brooks*, 945 F.2d 1322, 1327–28 (5th Cir. 1991); *Doe v. McMillan*, 412 U.S.

306, 312, 93 S. Ct. 2018, 2024, 36 L. Ed. 2d 912 (1973) ("Without belaboring the matter further, it is plain to us that the complaint in this case was barred by the Speech or Debate Clause insofar as it sought [declaratory and injunctive] relief from the Congressmen-Committee members").

### C.  Nonjusticiable Political Question

The Supreme Court has articulated six grounds that would require a district court to dismiss a case as nonjusticiable because it involves a political question:

> [1] a textually demonstrable constitutional commitment of the issue to a coordinate political department; or [2] a lack of judicially discoverable and manageable standards for resolving it; or [3] the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion; or [4] the impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government; or [5] an unusual needs for unquestioning adherence to a political decision already made; or [6] the potentiality of embarrassment from multifarious pronouncements by various departments on one question.

*Baker v. Carr*, 369 U.S. 186, 217 (1962). A court should not decline to hear a claim due to the existence of a political question "[u]nless one of these formulations is inextricable from the case at bar." *Id.* Furthermore, political question analysis requires "discriminating inquiry into the precise facts and posture of the particular case." *Id.* The Court will examine the first ground of non-justiciability as it is dispositive here.

"The dominant consideration in any political question inquiry is whether there is a textually demonstrable constitutional commitment of the issue to a coordinate political department." *Saldano v. O'Connell*, 322 F.3d 365, 369 (5th Cir. 2003). Defendants contend that the text of Article V "makes clear that it is Congress and Congress alone to which the Constitution commits the power of calling a convention." ECF No. 31 at 13. Plaintiffs argue "that the question before the Court is not one of political choices, but one of Constitutional mandate" because Article V uses mandatory language (Congress "shall" call a Convention as opposed to Congress "may" call a

Convention). ECF No. 38 at 3. The Court agrees with Defendants and finds that ratification of proposed constitutional amendments is a nonjusticiable political question. *Cf. Coleman v. Miller*, 307 U.S. 433, 453–54 (1939) (concluding that political and non-justiciable questions related to power under Article V can be decided by Congress "with the full knowledge and appreciation ascribed to the national legislature of the political, social and economic conditions which have prevailed during the period since the submission of the amendment."). The mandatory language of the constitution does not change the Court's finding that the requested action—calling a constitutional convention—is within the province of Congress and not the courts and is, accordingly, nonjusticiable.

Because the Court lacks subject matter jurisdiction over Plaintiffs' claims, it need not reach the merits of Defendants' arguments under Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's first amended complaint is **GRANTED,** and Plaintiff's claims are **DISMISSED**. A final judgment pursuant to Rule 58 will follow.

It is so **ORDERED.**

**SIGNED** this 16th day of November, 2022.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE